a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CONTRAVIOUS VINSON #606714, Plaintiff | CIVIL DOCKET NO. 5:23-CV-00236 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN CLAIBORNE PARISH DETENTION CENTER, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Stay (ECF No. 5) filed by pro se Petitioner Contravious Vinson ("Vinson") with respect to his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1). Vinson is incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana. Vinson challenges his conviction and sentence imposed in the First Judicial District Court, Shreveport, Louisiana.

Because Vinson's Petition does not contain any unexhausted claims and he has time within which to raise any potential claims, his Motion to Stay is DENIED.

I. Background

Vinson was convicted of domestic abuse aggravated assault and possession of a firearm by a convicted felon. *State v. Vinson*, 2021-01883, p. 1 (La. 2/22/22); 333 So.3d 437. He was adjudicated a second felony offender and sentenced to a total of 10 years of imprisonment. *Id.* His conviction was affirmed. *Id.*

Vinson raises one issue in his habeas Petition—insufficient evidence. ECF No. 1 at 5. He indicates that the claim was exhausted through the Louisiana courts. Nonetheless, he asks this Court to stay his habeas Petition while he files an application for post-conviction relief in the trial court. Vinson does not indicate what issues he intends to raise in his post-conviction application.

## II.    Law and Analysis

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

Thus, to establish exhaustion, Vinson must have fairly presented the same claims and legal theories he urges in federal court to the Louisiana courts in a procedurally proper manner. Vinson only raises one claim in his habeas Petition and indicates that his claim was exhausted.

Although a "mixed petition" raising some exhausted and some unexhausted claims can, in some instances, be stayed pending exhaustion, Vinson has not presented this Court with a mixed Petition. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). He presents only one claim, which he allegedly exhausted. ECF No. 1 at 5. Thus, *Rhines* is inapplicable, and a stay is both unnecessary and improper.

To the extent Vinson intends to raise additional claims not yet presented in his habeas Petition, he is not be entitled to a stay. A stay with abeyance is an extraordinary remedy available only in limited circumstances It is only appropriate when the district court determines that there was "good cause" for the failure to exhaust. *Rhines*, 544 U.S. at 277.

Federal law provides for a one-year prescriptive period within which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). Louisiana law allows a petitioner two years from the finality of the conviction within which to file an application for post-conviction relief. La. Code Crim. Proc. art. 930.8(A). The time during which a properly filed application for state post-conviction review is pending shall not be counted against the one-year federal prescriptive period. 28 U.S.C. § 244(d)(2).

Vinson's conviction became final on May 23, 2022, 90 days after the Louisiana Supreme Court's ruling, when the time for seeking review in the United States

Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Pursuant to § 2244(d), Vinson has one year from that date—until May 23, 2023— within which to: (1) file a timely federal application for habeas relief; or (2) toll the one-year limitations period by filing and pursuing a properly-filed application for post-conviction or other collateral review in the state courts. *See* 28 U.S.C. § 2244(d)(1)(A); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Vinson has not yet filed a post-conviction application. If he files the post-conviction application immediately, the one-year federal limitations period will begin to toll and remain tolling while the application is pending in the Louisiana courts. Thus, Vinson has time within which to exhaust any unexhausted claims timely refile the § 2254 Petition in this Court once all claims are exhausted.

Because Vinson has provided no excuse for the failure to exhaust other potential claims prior to filing the § 2254 Petition and However, Vinson is cautioned that, should he proceed with only the exhausted claim, he may be precluded from bringing additional claims in the future. *See* 28 U.S.C. §2244(b)(3)(A).

III. <u>Conclusion</u>

Because Vinson has not presented a mixed Petition or provided good cause for his failure to exhaust any potential claims, IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 5) is DENIED.

Because Vinson still has time remaining on the federal limitations period, he has the option to voluntarily dismisses his Petition and refile after exhaustion of other claims or to proceed with the one purportedly exhausted claim. Therefore, IT

IS FURTHER ORDERED that Vinson instruct the Court within 14 days of the date of this Order whether he wishes to: (1) voluntarily dismiss his Petition and refile after exhaustion of any other claims; or (2) proceed with only the insufficient evidence claim.[1]

SIGNED on Wednesday, March 8, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] Vinson is cautioned that, should he proceed with only the exhausted claim, he may be precluded from bringing the other claims in the future because a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive petition. See 28 U.S.C. §2244(b)(3)(A). Should Vinson choose to voluntarily withdraw the Petition so he can raise other claims that have not yet been exhausted, he is cautioned that he must file his post-conviction application immediately to pause the federal limitations period and receive the benefit of statutory tolling.